UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| TSM,<br> Plaintiff,<br><br>v.<br><br>FAMILY SERVICE OF RHODE ISLAND,<br> Defendant. | C.A. No. 1:25-cv-49-JJM-PAS |

ORDER

The Defendant, Family Service of Rhode Island, and the Plaintiff, TSM, are in a discovery dispute about the confidentiality of documents. Now, Family Service moves for a protective order. ECF No. 27. TSM responded with her own proposed protective order. ECF No. 29. For the reasons stated below, the Court DENIES Family Service's request for a protective order and GRANTS IN PART and DENIES IN PART TSM's proposed protective order. ECF No. 27, 29.

I.  BACKGROUND

TSM and Family Service were negotiating a protective order with respect to discovery materials and came across multiple areas of disagreement: 1) TSM's right to share discovery materials with non-attorney advisors and other people not outlined in Family Service's requested protective order; 2) the process of marking documents as confidential and which documents get that designation; 3) in the event of disagreement, the assumption of the disputed document being confidential; 4) the confidentiality agreement, which Family Service wants anyone viewing the

documents to sign; 5) the handling of and disposition of confidential materials; 6) the ability of the parties to publicly speak about information learned in discovery; 7) whether any confidentiality designation should be retroactive; and 8) the sealing of materials. ECF No. 27 at 2; 27-1 at 2, 4, 5, 7; 29 at 4, 5, 6.

Family Service advocates for an assumption of confidentiality with specific procedures outlined in their requested protective order. ECF No. 27-1 at 4. They also advocate for any confidentiality designations being retroactive; sealing of any materials labeled confidential; anyone viewing the materials to sign a confidentiality agreement; having only specific types of personnel view the materials; and requiring TSM to either return to them or destroy any materials labeled confidential at the end of the case. ECF No. 27 at 2; 27-1 at 2, 4, 5, 7.

TSM advocates for a confidential designation only when there is personally identifiable information; health information; financial information; or other information protected by law. ECF No. 29 at 4. TSM opposes any retroactive confidentiality designations. *Id.* at 4-5. TSM advocates for an assumption of non-confidentiality and for the burden to be on the party seeking to label materials as confidential; for the ability to share the materials with non-attorney advisors given her pro se status; sealing of confidential information by her definition; and for the ability to retain "non-confidential documents authored or received by Plaintiff, as well as materials submitted to agencies or oversight bodies." *Id.* at 4-6.

## II. STANDARD OF REVIEW

According to Federal Rule of Civil Procedure 26(b)(1):

2

> (b) Discovery Scope and Limits.
>
> (1) *Scope in General.* Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Federal Rule of Civil Procedure 26(c)(1) provides that "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense..." The Court has "broad discretion ... to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984). "[T]he burden of demonstrating good cause rests on the proponent of the protective order." *Walker v. IHI Power Servs. Corp.*, No. CV 23-57 WES, 2025 WL 949239, at *2 (D.R.I. Mar. 28, 2025) (citing *ClearOne Commc'ns., Inc. v. Chiang*, 276 F.R.D. 402, 403-04 (D. Mass. 2011)).

III.   **DISCUSSION**

There is a discrepancy between the parties in terms of knowledge, power, and access to discovery materials. Given that TSM is pro se, and Family Service is represented, Family Service has more access to relevant information, more resources, and is likely to be less burdened by procedural roadblocks compared to TSM. These are all factors that Rule 26(b)(1) allows the Court to consider in each of the respective issues. Given that Family Service is the movant for this protective order, the burden

is on them to show good cause for each of their requests. *Walker,* 2025 WL 949239, at *2.

### A. TSM Can Share Materials with Non-Attorney Advisors.

Because she is pro se, it makes common sense that TSM would have non-attorney advisors assisting her. Obstructing access to discovery materials merely because these advisors are not attorneys would unduly prejudice TSM and give the represented Family Service a considerable advantage. The Court cannot find any reason, let alone good cause, for this arbitrary distinction. Thus, the Court finds that TSM can share materials with any person she chooses.

### B. Family Service Shall Redact Personally Identifiable and Other Sensitive Information.

It is known that Family Service handles sensitive information throughout the course of business—clients' health information, financial information, and household information are a privacy interest to be concerned about, which TSM acknowledges.

Therefore, any personally identifying information as well as health information, financial information, and any other information protected by state and federal privacy laws should be redacted before production.

### C. All Documents Are Assumed to Not Be Confidential.

Given that redaction ensures protection of privacy interests, the Court sees no need for an assumption of documents to be confidential, nor does it see the necessity for Family Service's lengthy process described in its protective order. If there is a document that Family Service thinks is particularly sensitive and redaction is somehow not enough, they can raise it via motion.

Thus, the Court rules that no document is automatically assumed to be confidential, and if any party wants a confidentiality designation, apart from the ordered redactions, then they can raise it via motion.

### D. Family Service's Confidentiality Agreement Is Rejected.

Family Service wants anyone viewing the documents to sign a confidentiality agreement. ECF No. 27-1 at 9. Again, with redaction protecting appropriate privacy interests, the Court does not see the necessity of these agreements and rejects the proposed confidentiality agreements.

### E. TSM Is Allowed to Retain Documents After the Case Is Over.

The Court does not see good cause for mandating that TSM return or destroy documents after the case is over. Since any privacy interests are protected through the redaction part of this order and TSM has an interest in preserving a record in case of appeal, TSM's interest in retention outweighs any interest Family Service has in requesting return or destruction.

If there is a particular document or material that Family Service feels it needs returned, it can always be brought up on a motion later. Therefore, the Court rules that TSM can retain documents after the case is over.

### F. TSM Can Speak Publicly About Information Learned in Discovery.

The Court will not limit any party's ability to speak about the case.

### G. If Any Material Already Obtained Has Protected Information, It Should Be Redacted. Otherwise, Family Service's Retroactive Designation Is Rejected.

The Court will make no retroactive designations to documents already obtained by TSM. But, if any documents already obtained by TSM contain

personally identifiable information or other information protected by law, they shall be redacted in accordance with this order.

### H. Unless Otherwise Requested, the Court Will Not Seal Materials Based on Family Service's Proposed Protective Order

Nothing in this case has been sealed thus far (except for TSM's full name), and the Court cannot find good cause for sealing the most important part of the case—discovery. It is not in the public's, nor TSM's, interest to seal the record while redactions can protect privacy interests. Thus, the Court will not seal materials in accordance with Family Service's proposed protective order, however if there is a particular document that a party feels should be sealed, it can be raised via motion.

## IV. CONCLUSION

For the reasons stated above, TSM's Motion, ECF No. 29, is DENIED IN PART and GRANTED IN PART. Family Service's Motion for a Protective Order, ECF No. 27, is DENIED.

IT IS SO ORDERED.

*s/John J. McConnell, Jr.*

_____
JOHN J. MCCONNELL, JR.
Chief Judge
United States District Court

October 9, 2025