UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| TSM, : | |
|     Plaintiff, : | |
| : | |
| v. : | C.A. No. 25-00049-JJM-PAS |
| : | |
| FAMILY SERVICE OF RHODE ISLAND, : | |
|     Defendant. : | |

**ORDER**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

Now pending before the Court are three motions: first, Plaintiff TSM's motion to update and clarify disability related accommodations (ECF No. 43); second, Plaintiff's *ex parte* motion for *in camera* review and to seal her confidential neuropsychological evaluation (ECF No. 45); and third, the motion of Defendant Family Service of Rhode Island ("FSRI") to compel responses to interrogatories and requests for production of documents (ECF Nos. 47 (redacted) & 54 (sealed)).  The Court addresses these motions as follows:

Accommodation.  While this Court is committed to providing reasonable accommodations to persons with disabilities, the Court is also mindful that the Americans with Disabilities Act and the Rehabilitation Act do not apply to federal courts, Clay v. Wall, C.A. No. 17-506WES, 2019 WL 113718, at *3 (D.R.I. Jan. 4, 2019), as well as that accommodations that fundamentally alter court proceedings, potentially affect the Court's substantive decisions and impact any other parties' due process rights are not reasonable.  See Towner v. A Place for Rover Inc., Case No. 2:25-cv-00553-JNW, 2025 WL 2481233, at *1 (W.D. Wash. Aug. 28, 2025).  The Court further notes that, although there was no finding that Plaintiff has a disability, it had already granted Plaintiff's request for certain accommodations, to include permission to meet and confer by the exchange of writings; advance notice of hearings; time to respond to complex legal

arguments; and the ability to request remote attendance at hearings, to use notes during hearings and to ask for breaks during hearings.  ECF No. 25 at 2; <u>see</u> Text Order of Oct. 6, 2025.  Assuming without deciding that Plaintiff has a disability that requires accommodation for her to have meaningful access to the Court,[1] the Court finds that, except for one, the additional requested accommodations are not reasonable, as they would fundamentally alter court proceedings and would seriously prejudice FSRI's ability to defend this case.[2]  The exception is the accommodation that Plaintiff shall not be required to participate in informal verbal or telephonic meet and confer discussions; this aspect of the motion is granted.

<u>Neuropsychological Evaluation/Need for Protective Order</u>.  In her *ex parte* motion, Plaintiff asked the Court to seal and perform an *in camera* review of her neuropsychological evaluation dated September 11, 2024.  ECF No. 45.  To that extent, the motion is granted in that this highly confidential document is hereby ordered to be docketed under seal; it has been reviewed *in camera* and considered in connection with Plaintiff's motion for additional accommodations.  Based on the Court's review, the Court further finds that this document is highly relevant to the claims and defenses in this case and that it must be produced[3] without redaction to FSRI; the Court directs that the sealed version shall not be *ex parte* but shall be made accessible to counsel for FSRI as soon as a protective order issues as described below.  <u>See</u>

---

[1] In support of the current accommodation motion (ECF No. 43), Plaintiff submitted *ex parte* the neuropsychological evaluation, which reflects that, as of September 2024, Plaintiff had been diagnosed with certain mental conditions that are potentially disabling.  To that extent, the Court has considered the neuropsychological evaluation despite its having been submitted *ex parte*, leaving FSRI unable to address Plaintiff's argument.

[2] By way of one example, Plaintiff has asked that the Court order that counsel for FSRI may not use "argumentative or coercive language" in their writings.  ECF No. 43 at 3.  Such an order would seriously prejudice FSRI in its ability to defend this case and therefore is not a reasonable accommodation.

[3] As the Court noted at the hearing, filing a document on the public record is different from production to FSRI.  For filing, confidential portions may be redacted or, in very limited circumstances (mindful of the public's right of access to court proceedings), an entire document may be sealed, consistent with the prior orders of the Court.

2

Mello v. Arruda, C.A. Nos. 23-479JJM, 23-480JJM, 2025 WL 1225220, at *4-5 (D.R.I. Apr. 28, 2025) (plaintiff's medical history and records are relevant and discoverable and must be produced because complaint puts medical matters at issue; protective order addresses confidentiality concerns), adopted, 2025 WL 1433383 (D.R.I. May 19, 2025); Stark v. Hartt Transp. Sys., Inc., No. 2:12-CV-195-NT, 2013 WL 358266, at *9 (D. Me. Jan. 28, 2013) (ADA plaintiff's medical records "bear on both liability . . . and the appropriate scope of relief").  The Court also finds that this document is extremely confidential and private and that Plaintiff now needs the entry of an appropriate protective order to limit the use of and access to this extremely sensitive information and other similarly relevant but confidential documents and information.

      Based on the foregoing, while the Court has already ruled that "no document is automatically assumed to be confidential," ECF No. 39 at 5, the Court now finds that Plaintiff's medical and financial information (as exemplified by the neuropsychological evaluation and as covered by the discovery requests discussed *infra*) is highly confidential and should be produced with an appropriate protective order.  Accordingly, counsel for FSRI is directed to draft a proposed protective order based on the drafts previously submitted by the parties (ECF Nos. 27, 29) with a focus on Plaintiff's version and in compliance with the Court's ruling (ECF No. 39), for example, that Plaintiff can share materials with non-attorney advisors and can speak publicly about the case.  As to FSRI, the Court further rules that the draft protective order may include one designated FSRI employee, as well as counsel and experts, as the persons with the right to access Plaintiff's confidential information.  The draft shall be sent to Plaintiff by February 16, 2026, and shall be filed with the Court by February 20, 2026.  To the extent that Plaintiff has advised FSRI's counsel of any comments she may have that are not incorporated in the draft filed

with the Court, the version filed with the Court shall indicate such comments. The Court will promptly resolve any such comments and issue the protective order.

<u>Motion to Compel</u>. Because there was not yet a protective order in place protecting highly confidential and private medical and financial information that Plaintiff is required to produce, her production of discovery has been deficient. The Court hereby orders that, on or before March 27, 2026,[4] Plaintiff shall comply with the pending discovery (both interrogatories and document requests) by producing to FSRI responsive documents (unredacted, but, as to confidential and private medical[5] and financial information,[6] designated as confidential pursuant to the protective order that the Court will enter) and interrogatory answers. In addition to the medical and financial information, Plaintiff will also comply with the requests for third-party communications regarding the claims and defenses in issue, and with the requests for prior litigation and administrative proceedings asserting similar claims, as revised during the hearing.[7] For her interrogatory answers, Plaintiff must provide specific information, for example in response to Interrogatory No. 2, the names of treatment providers and the coworkers with

---

[4] Based on this delay, the parties have filed an assented motion to extend the pretrial schedule with the fact close date to be extended to May 15, 2026, and the remaining dates correspondingly extended. ECF No. 55. That motion has been granted. Text Order of Feb. 12, 2026.

[5] In an employment discrimination case, the failure to provide relevant medical records and preventing a medical provider (a psychiatrist) from providing the records impaired the defendant's ability to defend and threatened the integrity of the judicial process; the court held that the sanction of dismissal was warranted. <u>Young v. Office of the United States Senate Sergeant at Arms</u>, 217 F.R.D. 61, 67 (D.D.C. 2003).

[6] Like medical information, financial information is relevant in this case. <u>See</u> <u>Saller v. QVC, Inc.</u>, Civil Action No. 15-2279, 2016 WL 8716270, at *5 (E.D. Pa. June 24, 2016) ("Since Defendant bears the burden of proving any failure to mitigate, it is entitled to records relevant to that calculation."); <u>Gondola v. USMD PPM, LLC</u>, 223 F. Supp. 3d 575, 588 (N.D. Tex. 2016) (holding that tax returns are relevant where plaintiff seeks compensatory damages for lost and unpaid wages); <u>Amoah v. McKinney</u>, Civil Action No. 4:14-40181-TSH, 2016 WL 1698267, at *4 (D. Mass. Apr. 27, 2016) (collecting cases holding that past and future lost wages and benefits, lost income, and loss of earning capacity "cannot accurately be computed without documentation of [plaintiff's] prior wages and related employment information").

[7] Counsel for FSRI will promptly provide Plaintiff with a revised version based on the Court's rulings during the hearing.

information regarding her claims.  Documents and information protected by the attorney client privilege or work product doctrine may be redacted or withheld, but a log listing the privilege invoked must be provided.  With respect to medical documents, Plaintiff, in the alternative, may comply with the request for medical documents by providing to FSRI a signed HIPAA release form sufficient to result in production by the medical provider.  Plaintiff's medical production shall cover a three-year buffer period prior to and after her FSRI employment, provided that, if an asserted disability was not evaluated or diagnosed during the buffer period, the most recent prior evaluation shall be provided.  As an accommodation to Plaintiff, the Court further orders that FSRI must file a new motion to compel in the event that it deems Plaintiff's compliance with the pending discovery to be inadequate.  That is, a motion for Rule 37 sanctions is premature.

Not before the Court but raised as a concern by Plaintiff is that FSRI produced documents redacted based on the attorney client privilege without providing Plaintiff with a privilege log.  FSRI committed to curing this deficiency by the production of a Rule-compliant privilege log on or before February 20, 2026.

Based on the foregoing, Plaintiff's motion to update and clarify disability related accommodations (ECF No. 43) is granted in part and denied in part; Plaintiff's motion for *in camera* review and to seal confidential neuropsychological evaluation (ECF No. 45) is granted in part and denied in part; and, the motion of Defendant FSRI to compel responses to interrogatories and requests for production of documents (ECF Nos. 47 (redacted) and 54 (sealed)) is granted in part and denied in part.

/s/ Patricia A. Sullivan  
PATRICIA A. SULLIVAN  
United States Magistrate Judge  
February 12, 2026